UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
                                   :

CHRISTINE C. ANDERSON,               :
                                   :

                 Plaintiff,     :        07 Civ. 9599 (SAS) (DFE)
                                   :

       -against-             :          **PLAINTIFF'S**
                                   :        **INITIAL DISCLOSURES**
                                   :    **<u>PURSUANT TO RULE 26(a)(1)</u>**

THE STATE OF NEW YORK, et al.,     :
                                   :

             Defendants.    :           ECF CASE
                                   :
------------------------------------------------------------------------x

      Plaintiff Christine C. Anderson, by and through her undersigned attorney, hereby provides these initial disclosures to the above-captioned defendants pursuant to Fed. R. Civ. P. 26(a)(1).  Plaintiff reserves the right to amend or supplement these disclosures pursuant to Fed. R. Civ. P. 26(e) as Plaintiff's discovery in this matter continues.

      (A)      Pursuant to Rule 26(a)(1)(A), the following individuals are likely to have discoverable information which Plaintiff may use to support her claims:

      1.    Plaintiff, Christine C. Anderson, c/o Tembani S. Xaba, Esq., 227 Riverside Drive, New York, New York 10025, (917) 432-9226.

      2.    Non-party Louisa C. Esposito, a Plaintiff in a related case, <u>Esposito v. The State of New York, et al.</u>, 07 Civ. 11612 (SAS) (S.D.N.Y. 2007).  571 Roy Street, West Hempstead, N.Y. 11552, (516) 741-0320.

      3.    Plaintiff also expects Defendants to have discoverable information that Plaintiff may use to support her claims, including but not limited to information from Defendants Thomas J. Cahill, Sherry K. Cohen, David Spokony, and other employees of Defendants the State of New York and the Office of Court Administration of the Unified Court System, including but not limited to Naomi Goldstein, Roy Vallejo, Andral Bratton, and Judith Stein.

(B)     Pursuant to Rule 26(a)(1)(B), Plaintiff may use the following categories of documents, data computations and tangible things, currently in her possession, custody, or control, to support her claims:

1.     Documents related to the former employment relationship between Plaintiff and Defendants, the State of New York and the Office of Court Administration of the Unified Court System (subject to the entry of an appropriate protective order governing the use and dissemination of such information).

2.     Documents related to Plaintiff's performance in her former employment, including but not limited to Plaintiff's performance evaluations and work product (subject to the entry of an appropriate protective order governing the use and dissemination of such information).

3.     Documents related to Plaintiff's investigations of complaints in the course of her employment (subject to the entry of an appropriate protective order governing the use and dissemination of such information).

4.     Documents related to Plaintiff's grievances and complaints regarding the discrimination and retaliation she suffered at the hands of Defendants (subject to the entry of an appropriate protective order governing the use and dissemination of such information).

5.     Documents related to Plaintiff's damages, including but not limited to documents related to Plaintiff's attempts to mitigate the same.

6.     Plaintiff also expects Defendants to have within their possession, custody or control relevant documents, data computations or other tangible things that Plaintiff may use to support her claims, including but not limited to Plaintiff's personnel file and work product, and

documents related to Plaintiff's investigations of complaints and claims of whitewashing in the course of her employment (subject to the entry of an appropriate protective order governing the use and dissemination of such information).

(C)      Pursuant to Rule 26(a)(1)(C), Plaintiff intends to employ the services of an expert to establish the value of Plaintiff's damages, including but not limited to Plaintiff's loss of income, wages, benefits (including pension and union benefits), and emotional distress.  The documents or other material, not privileged or otherwise protected from disclosure, upon which such damages are based shall be made available for inspection or copying.

(D)      Pursuant to Rule 26(a)(1)(D), Plaintiff has no insurance policies applicable to this action.

Dated: New York, New York
       January 22, 2008

                                          _____
                                          Tembani S. Xaba (TX-9242)
                                          Attorney at Law
                                          227 Riverside Drive
                                          New York, New York  10025
                                          (917) 432-9226

                                          *Attorney for Plaintiff*


To:    Lee Alan Adlerstein, Esq.
       Office of New York State Attorney General
       120 Broadway, 24th Floor
       New York, NY 10271
       (212) 416-6157

       *Attorneys for Defendants*

3