UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

CHRISTINE C. ANDERSON,

                                    Plaintiff,         :        07 Civ. 9599 (SAS)

                    -against-                          :        **STIPULATION AND ORDER**
                                                                **OF CONFIDENTIALITY**

THE STATE OF NEW YORK, et al.,                         :

                                    Defendants.        :        ECF CASE

------------------------------------------------------------x

WHEREAS discovery in the above-captioned case may include confidential or highly

sensitive information on attorney disciplinary matters received or conducted by the New York

State Supreme Court, Appellate Division, First Judicial Department, Departmental Disciplinary

Committee (the "DDC"); and

WHEREAS pursuant to New York Judiciary Law § 90(10), such information on attorney

disciplinary matters, including "all papers, records and documents upon the application or

examination of any person for admission as an attorney and counsellor at law and upon any

complaint, inquiry, investigation or proceeding relating to the conduct or discipline of an

attorney or attorneys, shall be sealed and be deemed private and confidential";

IT IS HEREBY STIPULATED AND AGREED by and between the undersigned counsel

for all parties that:

1.      This Stipulation and Order shall be applicable to and govern all depositions,

requests for discovery, documents produced in response to requests for production of documents,

responses to interrogatories, and all other discovery taken or obtained in this action, as well as

other information hereafter furnished, directly or indirectly, by or on behalf of any party or

nonparty in connection with this action (collectively, "Discovery Materials") which that party

reasonably believes is privileged and protected from public disclosure pursuant to New York

Judiciary Law § 90(10) or otherwise contains sensitive or confidential information requiring

protection from general or public disclosure.

2.      Discovery Materials governed by this Stipulation and Order shall be used by any

recipients thereof solely to the extent necessary for conducting this litigation, and not for any

other purpose whatsoever, and such information shall not be disclosed to anyone except as

provided herein.

3.      Discovery Materials produced in this action may be designated as "Confidential"

by the producing party pursuant to Paragraph 4 of this Order. "Confidential Information" means

any Discovery Material which the producing party reasonably believes is privileged and

protected from public disclosure pursuant to New York Judiciary Law § 90(10) or otherwise

contains sensitive or confidential information requiring protection from general or public

disclosure.

4.      The designation of Confidential Information or material for purposes of this

Stipulation and Order shall be made in the following manner by the party or nonparty seeking

protection:

(a)      In the case of documents, discovery requests, exhibits, briefs, memoranda,

interrogatory responses, or other material (apart from depositions or other pretrial testimony ):

by affixing a plainly visible confidentiality designation legend "CONFIDENTIAL" (i) on each

page of any document containing any confidential information or material; or (ii) physically on

the outside of any media for storing electronic documents; at the time such documents are

produced or such information is disclosed, or as soon thereafter as the party or nonparty seeking

protection becomes aware of the confidential nature of the information or material disclosed and

sought to be protected hereunder. The term "document," as used in this Stipulation and Order

2

shall have the broadest meaning permissible under the Federal Rules of Civil Procedure and shall include, without limitation, any information stored in or through any computer system or other electronic or optical data storage device.

(b)   In the case of depositions or other pretrial testimony: (i) by a statement on the record, by counsel, at the commencement of such deposition or other pretrial testimony proceeding that the entire proceeding, or a portion thereof, shall be designated "Confidential" hereunder; or (ii) by written notice of such designation sent by counsel for the party seeking protection to opposing counsel within fifteen (15) business days[1] after receipt by counsel of the transcript of such proceeding. Whether or not designated on the record at such proceeding, the parties shall treat all deposition and other pretrial testimony as "Confidential" under this Stipulation and Order until the expiration of fifteen (15) business days after receipt by counsel of the transcript of the proceeding. Except as provided below, unless the aforementioned procedures for designating such testimony are complied with, any confidentiality in such transcript shall be waived after the expiration of the fifteen-day period, unless otherwise stipulated by the parties or ordered by the Court.

5.   Discovery Materials designated as "Confidential" under this Stipulation and Order, or copies or extracts therefrom, compilations and summaries thereof, and the content or substance thereof, may be disclosed, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons:

a.  The parties to this action and their counsel;

b.  In house counsel for the defendants;

c.  Staff and supporting personnel of counsel set forth in subparagraphs (a) and (b) above, working under the direction and supervision of such counsel, including but

---

[1]For purposes of this Stipulation and Order, "business days" shall mean days on which this Court is open for business.

3

not limited to, paralegals, secretaries, investigators, law clerks, interns, stenographic and clerical employees and contractors, and outside copying imaging and presentation services;

d. Subject to Paragraph 6 herein, persons who are formally retained by a party or a party's counsel as consultants or testifying experts;

e. Subject to Paragraph 7 herein, any person other than those set forth above from whom information or testimony is received in this action, including witnesses at depositions and other potential witnesses;

f. The Court and Court personnel; and

g. Court reporters, interpreters and other Court personnel engaged in connection with this action.

6.    For the purposes of this Stipulation and Order, a consultant or expert shall be restricted to a person who is retained or employed as a bona fide consultant or expert for purposes of this litigation, whether full or part time, by or at the direction of counsel for a party.

7.    Persons set forth in Paragraphs 5(d) and (e) above, to whom Confidential Information may be disclosed, shall, prior to disclosure, be furnished with a copy of this Stipulation and Order, and a copy of the Notification of Stipulation and Order, in the form attached hereto as Exhibit A, which each such person shall read and sign. Counsel for the party seeking to disclose material designated under this Stipulation and Order as Confidential shall be responsible for retaining the executed originals of all such Notifications, unless disclosure of the same is ordered by the Court.

8.    The recipient of any material designated under this Stipulation and Order as Confidential shall maintain the confidentiality and prevent the disclosure of such information in any form, written or oral, pursuant to the terms of this Stipulation and Order.

C. Anderson - Stip/Ord Conf.

9.      Any non-party may obtain protection under this Stipulation and Order by complying with paragraphs 3 and 4 herein, concerning the designation of materials as Confidential. A party serving a discovery request on a non-party in this action shall inform said non-party that the protections of this Stipulation and Order are available to them.

10.     Nothing contained in this Stipulation and Order shall affect the right of any party to make any objection, claim any privilege, or otherwise contest any request for production of documents, interrogatory, request for admission, subpoena, or question at a deposition or proceeding before the Court, or to seek further relief (including a further Stipulation and Order) from the Court as permitted under the Federal Rules of Civil Procedure. Nothing in this Stipulation and Order shall constitute an admission or waiver of any right, claim, defense or position by any party.

11.     In the event that any material designated under this Stipulation and Order as Confidential is used, described, characterized, excerpted or referenced in, or attached to, any Court proceeding or Court submission or filing in this litigation, the party submitting such material shall file the same under seal, and shall not be required to file such submissions via the Court's ECF system, except that upon the failure of the filing party to designate such information as Confidential or to file the same under seal, the adverse party (or any non-party) may make an appropriate application to the Court to do so. Envelopes in which such materials are filed shall bear the heading: "SUBJECT TO STIPULATION AND ORDER – FILED UNDER SEAL." and contain a statement substantially in the following form:

> This envelope contains documents or information subject to the terms of the Stipulation and Order of Confidentiality entered by the Court on _____, 2008, governing the use and dissemination of confidential materials in the case. This envelope shall not be opened nor shall its contents be displayed or revealed, other than to the Court, except by Order of the Court.

5

C. Anderson - Stip/Ord Conf.

The submission shall otherwise comply with all requirements of the Court for filing material under seal.

12.    A party shall not be obligated to challenge the propriety of material designated as Confidential under this Stipulation and Order at the time the designation is made, and failure to do so shall not preclude a subsequent challenge to such designation. In the event that any party to this action disagrees at any stage of these proceedings with such designation, such party shall provide to the designating party a letter, sent by facsimile or e-mail, detailing its objection to the designation. The designating party shall respond to such objection by letter, sent by facsimile or e-mail, within five (5) business days. The parties shall thereafter confer in good faith in an effort to resolve the dispute. If the parties are unable to resolve the dispute, either party may raise the issue with the Court by requesting an informal conference or as the Court so directs. The burden of demonstrating that information has been properly designated as Confidential under this Stipulation and Order is on the party making such designation.

13.    If a party inadvertently fails to designate as Confidential material and/or information hereunder, it shall not be deemed a waiver in whole or in part of a party's claim of confidentiality with respect thereto, either as to the specific information disclosed or as to any other information relating thereto or on the same or a related subject matter. As soon as the receiving party is notified in writing of the inadvertent production and of the designation of such material or information as Confidential, the material or information shall thereafter be treated as Confidential, as if it had been timely designated under this Stipulation and Order, and the receiving party shall endeavor in good faith to obtain the return of all copies of such material which it may have distributed or disclosed to persons not authorized to access such information by Paragraph 5 above, as well as any copies made by such persons, although such prior disclosure or distribution shall not be violative of this Stipulation and Order.

6

C. Anderson - Stip/Ord Conf.

14.    All counsel for the parties who have access to information or material designated as Confidential under this Stipulation and Order acknowledge they are bound by this Stipulation and Order and submit to the jurisdiction of the Court for purposes of enforcing this Stipulation and Order.

15.    This Stipulation and Order shall not waive the jurisdiction of the New York State Supreme Court as to issues concerning public disclosure of material or information covered by New York Judiciary Law § 90(10).

16.    Entering into, agreeing to, and/or producing or receiving without objection information or material designated as Confidential under this Stipulation and Order, or otherwise complying with the terms of this Stipulation and Order, shall not:

(a)    prejudice in any way the rights of any party to object to the production of documents they consider privileged or otherwise not subject to production in discovery;

(b)    prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence, on any ground, of any document, testimony or other evidence;

(c)    prejudice in any way the rights of any party to seek a determination by the Court whether any information or material should be subject to the terms of this Stipulation and Order; or

(d)    prejudice in any way the rights of any party to petition the Court for a modification of this Stipulation and Order or for a further Stipulation and Order relating to any confidential information.

17.    Within sixty (60) days after the final termination of this action, including all appeals or the expiration of the time for filing a notice of appeal, all material and information designated as Confidential under this Stipulation and Order, and all copies thereof (including summaries and excerpts), shall be destroyed with a written certification of such destruction

C. Anderson - Stip/Ord Conf.

supplied to the opposing party; provided, however, that counsel for the parties who is entitled to

access to such designated material may retain their work product that incidentally refers to

Confidential Information.

18.    Pursuant to Standing Order No. M-10-468, dated October 5, 2001, concerning

sealed documents:

> Sealed records which have been filed with the clerk shall be removed by the party
> submitting them (1) within ninety (90) days after a final disposition is rendered if
> no appeal is taken, or (2) if an appeal is taken, within thirty (30) days after final
> disposition of the appeal. Parties failing to comply with this order shall be
> notified by the clerk that should they fail to remove the sealed records within
> thirty (30) days, the clerk may dispose of them.

C. Anderson - Stip/Ord Conf.

19.    This Stipulation may be executed in counterparts.

SO STIPULATED:

Dated: February 12, 2008                        Dated: February 15, 2008
      New York, New York                            New York, New York

                                  Andrew M. Cuomo
                                  Attorney General of the State of New York


                                  By: _____

Tembani S. Xaba (TX-9242)                       Lee Adlerstein
Attorney at Law                                 Assistant Attorney General
227 Riverside Drive                             120 Broadway
New York, New York 10025                        New York, New York 10271
(917) 432-9226                                  (212) 416-6157

                                  Steven N. Schulman
                                  Assistant Attorney General
                                  120 Broadway
                                  New York, New York 10271
                                  (212) 416-8564

*Counsel for Plaintiff*                         *Counsel for Defendants*


SO ORDERED.

Dated: _____, 2008



                                  HON. SHIRA A. SCHEINDLIN
                                  U.S.D.J.

C. Anderson - Stip/Ord Conf.

TOTAL P.02

## EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------X

CHRISTINE C. ANDERSON,

                        Plaintiff,     :     07 Civ. 9599 (SAS) (DFE)

      -against-                 :     **Notification of**
                                    :     **Stipulation and Order of**
                                    :     **Confidentiality**

THE STATE OF NEW YORK, et al.,    :

                    Defendants.    :

-----------------------------------------------------------------------X

       The undersigned hereby acknowledges that he/she has read the Stipulation and Order of

Confidentiality ("Stipulation and Order") signed by the Court and entered on _____,

2008 in the above-captioned lawsuit, understands its terms, and agrees to be bound by each of

those terms. Specifically, and without limitation upon such terms, the undersigned agrees (i) not

to use or disclose any Confidential Information (as defined in the Stipulation and Order) made

available to him/her other than in accordance with the terms of the Stipulation and Order; and

(ii) to submit to the jurisdiction of the Court with respect to the enforcement of the Stipulation

and Order and redress for the violation of the terms thereof.


Dated: _____ ____, 2008


                                   By: _____

                                   Printed Name: _____

                                   Name of Employer: _____

                                   Role in this case (*e.g.*, "Consultant for Plaintiff"):

                                   _____