UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CHRISTINE C. ANDERSON,

                                     :      ELECTRONICALLY FILED

                    Plaintiff,

                                     :      07 Civ. 9599 (SAS) (DFE)

      -against-

                                     :

THE STATE OF NEW YORK, THE OFFICE
OF COURT ADMINISTRATION OF THE     :      **ANSWER TO SECOND**
UNIFIED COURT SYSTEM, THOMAS J.             **AMENDED COMPLAINT**
CAHILL, in his official and individual     :
capacity, SHERRY K. COHEN
in her official and individual capacity,
and DAVID SPOKONY, in his
official and individual capacity,            :      ***JURY TRIAL DEMANDED***

                   Defendants.   :
------------------------------------------------------------X

      Defendants State of New York, The Office of Court Administration of the Unified Court System, Thomas J. Cahill, Sherry K. Cohen, and David Spokony (collectively "defendants"), by way of answer to the allegations of the second amended complaint, aver as follows[1]:

### AS TO THE PRELIMINARY STATEMENT

      1. Defendants deny the allegations contained in paragraphs 1, 3, and 4, except admit that plaintiff was employed at the Appellate Division's Departmental Disciplinary Committee ("DDC"), which is responsible for attorney disciplinary matters, having the title of Principal Attorney for a period of time.

---

[1] Defendants Cahill, Cohen and Spokony answer in their official and individual capacities. Defendant Spokony was not located at the Departmental Disciplinary Committee during events alleged by the second amended complaint to have taken place there, and answers such allegations on the basis of information and belief. Defendants Cahill, Cohen, and Spokony, respectively, answer allegations directed toward other individuals on the basis of information and belief. The governmental entity defendants answer on the basis of information available to management. References to "paragraph(s)" herein are to the numbered paragraphs of the second amended complaint.

2. Paragraph 2 addresses legal issues which defendants respectfully refer to the Court for determination.

## AS TO JURISDICTION AND VENUE

3. Defendants respectfully refer for the Court's determination the legal issues presented in paragraphs 5, 6, 7, 8, 9, and 10, except deny any waiver of immunity under the Eleventh Amendment, and admit that plaintiff filed an administrative charge of discrimination and requested as well as received a right to sue letter before a full proceeding took place.

4. Defendants admit the allegations of the first two sentences of paragraph 11 and lack knowledge or information sufficient to form a belief as to the allegations of the third and fourth sentences.

5. Defendants admit the allegations of paragraphs 12, 13, 14, 15 and 16, except that the status of each of the referenced defendants as an alleged "employer" or "policy maker" presents issues of law which defendants respectfully refer to the Court for determination. Further, defendant Spokony's title was and is Deputy Clerk. Defendants Cahill, Cohen and Spokony each deny being an "employer" for purposes of this matter.

## AS TO THE FACTUAL BACKGROUND

6. The allegations of paragraphs 17, 18 and 19 concern matters governed by statute, court rules and other controlling documents, to which documents defendants respectfully refer for the content of their terms.

7. As to the allegations of paragraph 20, defendants admit that plaintiff commenced working at the DDC on or about February 1, 2001. The remaining allegations of such paragraph concern matters reflected in plaintiff's employment documentation, to which defendants refer. Defendants otherwise deny the accuracy of plaintiff's assertions.

8. As to the allegations of paragraph 21, attorney work on a particular case in question and any operative reaction to such work would be reflected in the file or other documentation. Defendants lack knowledge of the full range of views of personnel at DDC which may have been held or expressed at various points of time as to plaintiff, and otherwise deny plaintiff's assertions.

9. As to the allegations of paragraph 22, defendants deny the accuracy of plaintiff's assertions, except presently lack knowledge or information sufficient to form a belief as to the assertions of the second sentence of such paragraph.

10. Defendants lack knowledge or information sufficient to form a belief as to the assertions of paragraph 23, except deny any implication that plaintiff would have been justified in believing that she worked without supervision.

11. As to the allegations of paragraph 24, defendants admit that plaintiff was involved on occasion as were other attorneys in administrative aspects, and defendants admit that personnel would consider and sometimes discuss office security. Defendants lack knowledge of the full range of views of personnel at DDC which may have been held or expressed at various points of time as to plaintiff, and otherwise deny plaintiff's assertions.

12. Defendants deny the allegations of paragraph 25.

13. In connection with paragraph 26, defendants admit that plaintiff worked for a period of time on "resolution" cases generally overseen by Judith Stein. Defendants lack knowledge or information sufficient to form a belief as to specifics of contacts between plaintiff and Judith Stein. Defendants otherwise deny plaintiff's assertions.

14. As to the allegations of paragraph 27, defendants deny the accuracy of plaintiff's descriptions, and defendants refer to the operative provisions governing DDC for the content of

their terms.

15. As to the allegations of paragraph 28, defendants admit that defendant Cohen supervised work by plaintiff after Cohen became First Deputy. Defendants otherwise deny plaintiff's assertions.

16. Defendants deny the allegations of paragraphs 29, 30, 31 and 32.

17. Defendants deny the allegations of paragraph 33, except admit that defendant Cohen on occasion discussed health concerns with an investigator who is an African American.

18. Defendants deny the allegations of paragraphs 34 and 35.

19. Defendants deny the assertions of paragraph 36, except admit that defendant Cohen had concerns about employee lateness, and except that defendants lack information to form a belief as to the content of any contact as alleged in the second sentence of such paragraph.

20. Defendants deny the allegations of paragraph 37.

21. Defendants deny the allegations and assertions of paragraphs 38, 39 and 40.

22. Defendants deny the allegations of paragraphs 41, 42 and 43, except that attorney work on a particular matter would be reflected in the file.

23. Defendants deny the allegations of paragraph 44 and 45.

24. Defendants deny the allegations of paragraph 46, except admit that an admonition recommendation existed.

25. Defendants deny the allegations of paragraph 47, except admit that review and revision of an admonition recommendation took place.

26. Defendants deny the assertions of paragraphs 48, 49, and 50 except admit that evaluation and revision of plaintiff's performance and work product took place as befitted the matter.

27. Defendants deny the allegations of paragraph 51.

28. Defendants deny the allegations of paragraph 52, except admit that defendant Cohen worked in a supervisory capacity.

29. Defendants deny the allegations of paragraph 53.

30. Defendants deny the allegations of paragraph 54. Plaintiff's allegations of disparate treatment are false in that other attorneys did not engage in conduct comparable to the improper conduct of plaintiff.

31. Defendants deny the allegations of paragraphs 55, 56, 57 and 58, except admit interchange between plaintiff and defendant Cohen on the referenced date. Defendants lack knowledge or information sufficient to form a belief concerning any attempt by plaintiff to contact attorney Bratton or concerning how plaintiff traveled home.

32. Defendants deny the allegations of paragraph 59, except that plaintiff complained to defendant Cahill about defendant Cohen, and defendants lack knowledge and information sufficient to form a belief on contacts by plaintiff with attorney Bratton.

33. As to the allegations of paragraph 60, defendants lack knowledge or information sufficient to form a belief as to contacts between plaintiff and Catherine Wolfe, except defendants admit that plaintiff complained to Wolfe about working with defendant Cohen. Defendants deny that alleged physical intimidation by Cohen was conveyed to Catherine Wolfe by plaintiff during plaintiff's contact with Wolfe.

34. Defendants deny the allegations of paragraph 61 in that alleged comparable situations were not in fact comparable.

35. Defendants deny the allegations of paragraph 62.

36. As to the allegations of paragraph 63, defendants admit that an inquiry took place

regarding interchange which had occurred between plaintiff and defendant Cohen and that a panel finding was issued. Defendants otherwise deny the allegations of such paragraph, referring to the documentation.

37. As to the allegations of paragraph 64, defendants admit that defendant Cohen adhered to the panel's determination. Defendants otherwise deny plaintiff's assertions and refer to the pertinent documentation.

38. Defendants deny the allegations of paragraphs 65 and 66, except admit that plaintiff asserted that defendant Cohen should be replaced as plaintiff's supervisor.

39. Defendants deny the allegations of paragraphs 67, 68, 69, 70, 71 and 72, except admit that defendant Cohen continued to endeavor to supervise plaintiff and that defendant Cahill did not replace Cohen in endeavoring to supervise plaintiff's work.

40. Defendants deny the allegations of paragraphs 73, 74, 75, 76, except admit that defendant Cohen submitted evaluations of plaintiff, to which evaluations defendants refer for the content thereof; defendants further admit that plaintiff was counseled and was requested to document a claimed medical absence.

41. Defendants deny the allegations of paragraph 77, except lack knowledge or information sufficient to form a belief as to which members of the DDC staff may have learned of plaintiff's counseling.

42. As to the allegations of paragraphs 78 and 79, defendants admit that plaintiff filed, on her own, a grievance; on plaintiff's allegations concerning grievance procedure, defendants refer to Article 15 of the collective bargaining agreement for its content.

43. As to the allegations of paragraphs 80, 81, 82 and 83, defendants admit that plaintiff's employment was terminated as expressed in a letter to plaintiff dated June 8, 2007,

due to plaintiff's refusal to accept supervision as directed and her insubordination. Defendants refer to the contemporaneous and other related documentation for the content thereof, pertaining to communications at the time of plaintiff's termination and her contract rights. Defendants otherwise deny the assertions of the aforementioned paragraphs.

44. As to the allegations of paragraph 84, defendants repeat by reference the foregoing paragraphs of their answer.

45. Defendants deny the factual assertions of paragraphs 85, 86, 87, 88, 89 and 90, and respectfully refer to the Court legal issues presented in such paragraphs.

46. As to the allegations of paragraph 91, defendants repeat by reference the foregoing paragraphs of their answer.

47. Defendants deny the factual assertions of paragraphs 92, 93, 94, 95, 96, 97, 98 and 99, and respectfully refer to the Court legal issues presented in such paragraphs.

48. As to the allegations of paragraph 100, defendants repeat by reference the foregoing paragraphs of their answer.

49. Defendants deny the factual assertions of paragraphs 101, 102, 103, 104, 105, 106, 107, 108, 109 and 110, and respectfully refer to the Court legal issues presented in such paragraphs.

50. As to the allegations of paragraph 111, defendants repeat by reference the foregoing paragraphs of their answer.

51. Defendants deny the factual assertions of paragraphs 112, 113, 114, 115, 116, 117, 118, 119, 120, 121 and 122, and respectfully refer to the Court legal issues presented in such paragraphs.

52. As to the allegations of paragraph 123, defendants repeat by reference the foregoing

paragraphs of their answer.

53. Defendants deny the factual assertions of paragraphs 124, 125, 126 and 127, and respectfully refer to the Court legal issues presented in such paragraphs.

54. As to the allegations of paragraph 128, defendants repeat by reference the foregoing paragraphs of their answer.

55. Defendants deny the factual assertions of paragraphs 129, 130, 131, 132, 133 and 134, and respectfully refer to the Court legal issues presented in such paragraphs.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

56. The Complaint fails to state a claim for which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

57. Plaintiff's claims, including but not limited to claims against the individual defendants in their official capacities, are barred in whole or in part by operation of the Tenth and Eleventh Amendments of the United States Constitution.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

58. This Court lacks jurisdiction over plaintiff's 42 U.S.C. §1981 claim.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

59. All of the employment decisions made by defendants were made for legitimate, non-discriminatory reasons.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

60. Plaintiff's request for damages is barred to the extent that she has failed to mitigate.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

61.	42 U.S.C. §1981a(b)(1) bars a plaintiff from recovering punitive damages against a government entity.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

62.	Plaintiff's contract claims against the individual defendants are barred by the doctrine of qualified immunity.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

63.	The individual defendants are protected under the "same actor" doctrine, in view of employment actions favorable to plaintiff

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

64.	This Court lacks jurisdiction over the subject matter of the causes of action set forth in the Complaint because the federal claims do not rise to a constitutional level and this Court would not have proper jurisdiction over the state law claims.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

65.	Plaintiff's claims for injunctive relief are barred on the basis of federal-state comity, embodied in part by the Tenth Amendment of the United States Constitution, and on the grounds that plaintiff lacks standing to seek court action on behalf of persons besides herself.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

66.	Plaintiff's claims under collective bargaining agreement fail by reason of the agreement's not having expanded anti-discrimination rights as established under statutory or constitutional law, and by reason of management's prerogatives to dismiss plaintiff not having been blocked by that agreement.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

67.	Plaintiff's retaliation claims fail by operation of laches and equitable estoppel.

## JURY DEMAND

68.	Defendants demand trial by jury of all issues appropriate for jury determination.

WHEREFORE, plaintiff's Complaint should be dismissed with prejudice, and defendants should be awarded their costs, together with such other and further relief as to this Court seems just and proper.

Dated: New York, New York
February 21, 2008

ANDREW M. CUOMO
Attorney General of the
State of New York
<u>Attorney for Defendants</u>
By:
        /s/
LEE ALAN ADLERSTEIN
Assistant Attorney General
120 Broadway - 24th Floor
New York, New York  10271
(212) 416-6035

TO:	Tembani S. Xaba
Attorney for Plaintiff
227 Riverside Drive
New York, New York 10025
(917) 432-9226

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X

CHRISTINE C. ANDERSON,
:
                Plaintiff,        07 Civ. 9599 (SAS) (DFE)
:
                                              **AFFIRMATION OF SERVICE**
       -against-                :

THE STATE OF NEW YORK, <u>et al.</u>,
:
              Defendants.
-----------------------------------------------------      X

      LEE ADLERSTEIN, an attorney duly admitted to practice law before the courts of the State of New York, affirms and states:

      That on February 21, 2008, I caused to be served the ANSWER TO SECOND AMENDED COMPLAINT upon the following:

                Tembani S. Xaba, Esq.
                227 Riverside Drive
                New York, New York 10025

plaintiff's counsel in the within entitled action by depositing a true and correct copy thereof, properly enclosed in post-paid wrapper, in a post-office box regularly maintained by the United States Postal Service at 120 Broadway, New York, New York 10271 directed to said plaintiff's

counsel at the address within the State designated by her for that purpose.

Dated:   New York, New York
         February 21, 2008

                      ANDREW M. CUOMO
                      Attorney General of the
                      State of New York
                      <u>Attorney for Defendants</u>
                      By:

                      _____/s/_____
                      LEE ADLERSTEIN
                      Assistant Attorney General
                      120 Broadway - 24th Floor
                      New York, New York  10271
                      (212) 416-6035