UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------X

CHRISTINE C. ANDERSON,

                    Plaintiff,

                                    07 Cv. 9599 (SAS)

    -against-

THE STATE OF NEW YORK, et al.,

                    Defendants.

-----------------------------------------------------------X

# JOINT SUBMISSION ON
# JURY INSTRUCTIONS

JOHN BERANBAUM
Attorney for Plaintiff
Beranbaum Menkin Ben-Asher & Bierman LLP
80 Pine Street – 32nd floor
New York, N.Y. 10005
Tel. (212) 509-1616
Fax: (212) 509-8088

ANDREW M. CUOMO
Attorney General for the State of New York
Attorney for Defendants
by: LEE ALAN ADLERSTEIN
    WESLEY E. BAUMAN
Assistant Attorneys General
120 Broadway - 24th Floor
New York, New York 10271
Tel. (212) 416-6035
Fac. (212) 416-6075

## **TABLE OF CONTENTS**

PAGE

| | | |
|---|---|---|
| 3 | Introductory Statement | ------------- |
| 4 | Juror Oath | Joint No. 1 |
| 5 | Witness Credibility | Joint No. 2 |
| 7 | Witness Predisposition | Joint No. 3 |
| 8 | Interest in Outcome | Defendants No. 4 |
| 9 | Discrepancies in Testimony | Joint No. 5 |
| 10 | Impeachment by Prior Inconsistent Statements | Joint No. 6 |
| 11 | Contentions of the Parties | Joint No. 7 |
| 12 | Section 1983 - Overview | Joint No. 8 |
| 13 | Elements of a Section 1983 Claim | Joint No. 9 |
| 14 | Elements to be Proven Under 1983 Claim | See Variations |
| 20 | Business Judgment | Defendants No. 10 |
| 21 | Qualified Immunity - Burden of Proof | Defendants No. 11 |
| 22 | State of New York Not a Defendant | Joint No. 12 |
| 23 | Damages Generally | Joint No. 13 |
| 25 | Compensatory Damages | Joint No. 14 |
| 26 | Punitive Damages | Joint No. 15 |
| 28 | Mitigation of Damages | Joint No. 16 |
| 29 | Deliberations (Unanimous Verdict) | Joint No. 17 |
| 31 | Verdict Form Instructions | Joint No. 18 |
| 32 | Plaintiff's Additional Proposed Instructions | With Objections |
| 34 | Verdict Form A-1 | Joint No. 19 |
| 36 | Verdict Form A-2 | Joint No. 20 |
| 38 | Verdict Form A-3 | Joint No. 21 |
| 40 | Verdict Form B-1 | Joint No. 22 |
| 41 | Verdict Form B-2 | Joint No. 23 |
| 42 | Verdict Form B-3 | Joint No. 24 |

## Introductory Statement

The parties hereby jointly through counsel, submit the following proposed jury instructions, specifying **in bold font** where applicable the substance of contradictory positions, as well as controverted proposed deletions and insertions. Each such specification will be preceded by the term: **Note.**

## Juror Oath — Sympathy

Under your oath as jurors you are not to be swayed by sympathy. You should be guided solely by the evidence presented during the trial, without regard to the consequences of your decision.

You have been chosen to try the issues of fact and reach a verdict on the basis of the evidence or lack of evidence. If you let sympathy interfere with your clear thinking there is a risk that you will not arrive at a just verdict. All parties to a civil lawsuit are entitled to a fair trial. You must make a fair and impartial decision so that you will arrive at the just verdict.

Joint No. _1_                                                    Given            _____
In re Murchison, 349 U.S. 133, 75 S. Ct. 623 (1955).             Given as Modified _____
4 L. Sand, et al., *Modern Federal Jury Instructions*, ¶ 71.01   Refused          _____
                                                                Withdrawn

4

## Witness Credibility

You have had the opportunity to observe all the witnesses. It is now your job to decide how believable each witness was in his or her testimony. You are the sole judges of the credibility of each witness and of the importance of his or her testimony.

It must be clear to you by now that you are being called upon to resolve various factual issues raised by the parties in the face of very different pictures painted by both sides. In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence that may help you decide the truth and the importance of each witness' testimony.

How do you determine where the truth lies? You watched each witness testify. Everything a witness said or did on the witness stand counts in your determination. How did the witness impress you? Did he or she appear to be frank, forthright, and candid, or evasive and edgy as if hiding something? How did the witness appear: what was his or her demeanor - that is, his or her carriage, behavior, bearing, manner, and appearance while testifying? Often it is not what a person says but how he or she says it that moves us.

You should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life. You should consider any bias or hostility the witness may have shown for or against any party as well as any interest the witness has in the outcome of the case. You should consider the opportunity the witness had to see, hear, and know the things about which the witness testified, the accuracy of their memory, their candor or lack or candor, his or her intelligence, the reasonableness and probability of the testimony and its consistency or lack of consistency, and its corroboration or lack of corroboration with the other credible testimony.

5

In other words, what you must try to do in deciding credibility is to size a witness up in light of his or her demeanor, the explanations given, and all of the other evidence in the case. Always remember that you should use your common sense, your good judgment and your own life experience.

Under no circumstances are you permitted to speculate about the facts. You bring with you to this courtroom all of the experience and background of your lives and you may rely upon the logic of common experience itself. However, you may not engage in a speculative evaluation of the merits of the claim in this action. Speculation and surmise are not a substitute for proof and where evidence is capable of an interpretation equally consistent with the presence or absence of liability, it must be interpreted against liability.

**Note: Plaintiff proposes the addition of the following instructions from <u>Sand</u>: Instr. 71-3, Role of the Jury; Instr. 73-2, Preponderance of the Evidence; Instr. 74-2, Direct & Circumstantial Evidence; Instr. 75-1, Inference Defined. Defendants anticipate that the Court will have its own favored instructions on these subjects.**

Joint No. 2                                                          Given _____
Sartor v. Arkansas Natural Gas Corp., 321 U.S. 620 (1944);          Given as modified _____
Dyer v. MacDougall, 201 F.2d 265 (2d Cir. 1952).                    Refused _____
4 L. Sand, et al., *Modern Federal Jury Instructions*, ¶ 76.01      Withdrawn_____

**Witness Predisposition**

In deciding whether to believe a witness, you should specifically note any evidence of hostility or affection that the witness may have towards one of the parties. Likewise, you should consider evidence of any other interest or motive that the witness may have in cooperating with a particular party.

It is your duty to consider whether the witness had permitted any such predisposition or interest to color their testimony. In short, if you find that a witness is biased, you should view the testimony with caution, weigh it with care and subject it to close and searching scrutiny.

Joint No. 3                                                Given          _____
Davis v. Alaska, 415 U.S. 308, 94 S. Ct. 1105 (1974)      Given as modified _____
4 L. Sand, et al., *Modern Federal Jury Instructions*, ¶ 76.01    Refused        _____
                                                          Withdrawn_____

7

**Interest in Outcome**

In evaluating the credibility of a witnesses, you should take into account any evidence that a witness may benefit in some way from the outcome of the case. Such interest in the outcome may create a motive to testify falsely and may sway a witness to testify in a way that advances his or her own interests. Therefore, if you find that any witness whose testimony you are considering may have an interest in the outcome of this trial, you should bear the fact in mind when evaluating the credibility of that testimony, and accept it only with great care.

**Note:** **Plaintiff opposes Defendants' instruction number 4 as potentially and unnecessarily appearing to highlight bias by plaintiff.**

Defendants No._4_                                                          Given _____
4 L. Sand, et al., *Modern Federal Jury Instructions*, ¶ 76.01          Given as modified _____
                                                                          Refused _____
                                                                          Withdrawn_____

8

**Discrepancies in Testimony (if applicable)**

You have heard evidence of discrepancies in the testimony of certain witnesses, and counsel have argued that such discrepancies are a reason for you to reject the testimony of those witnesses.

You are instructed that evidence of discrepancies may be a basis to disbelieve a witness' testimony. On the other hand, discrepancies in a witness' testimony or between his testimony and that of others does not necessarily mean that the witness' entire testimony should be discredited.

People sometimes forget things, and even truthful witnesses may be nervous and contradict themselves. Also, two people witnessing an event will often see or hear it differently. Whether a discrepancy pertains to a fact of importance or only to a trivial detail should be considered in weighing its significance; but a willful falsehood always is a matter of importance and should be considered seriously.

It is for you to decide, based on your total impression of the witness, how to weigh the discrepancies in his or her testimony. You should, as always, use common sense and your own good judgment.

Joint No._5_                                                    Given
4 L. Sand, et al., *Modern Federal Jury Instructions*, ¶ 76.01     Given as modified
                                                               Refused
                                                               Withdrawn_____

9

**Impeachment by Prior Inconsistent Statements (if applicable)**

You have heard evidence that at some earlier time a witness has said or done something that counsel argues is inconsistent with the witness' trial testimony.

Evidence of a prior inconsistent statement is not to be considered as affirmative evidence in determining liability. Evidence of a prior inconsistent statement was placed before you for the more limited purpose of attacking the credibility of the witness. If you find that the witness made an earlier statement that conflicts with his trial testimony, you may consider that fact in deciding how much of his trial testimony, if any, to believe.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with small detail; whether the witness had an explanation for the inconsistency; and whether that explanation appeals to your common sense.

It is exclusively your duty, based upon all the evidence and your own good judgment, to determine whether the prior statement was inconsistent and, if so, how much, if any, weight to give to the inconsistent statement in determining whether to believe all or part of the witness' testimony.

Joint No. _6_                                                        Given                    _____
4 L. Sand, et al., *Modern Federal Jury Instructions*, ¶ 76.01    Given as modified    _____
                                                                    Refused               _____
                                                                    Withdrawn_____

10

**Contentions Of The Parties**

I am now going to instruct you on the substantive law to be applied to plaintiff's claims. In stating these claims, I express no opinion of the facts because you are the sole judges of the facts, who will consider and weigh the testimony and documents offered into evidence.

Plaintiff, a former employee of the New York State Supreme Court, Appellate Division, First Department's Departmental Disciplinary Committee or "DDC", alleges that her termination by the Court was in retaliation for*....

Defendants deny any retaliatory motive, deny that plaintiff engaged in speech on behalf of the public, deny she was discharged on grounds of speaking for the public, and assert that plaintiff was discharged for insubordination.

**\*Note:  Plaintiff would have this sentence conclude:  " ...exercising her right to free speech by claiming that the DDC was whitewashing complaints made by the public against unethical attorneys".    Defendants would have this sentence conclude: "...expressing her concern about improper DDC practices where she made repeated complaints about failure by DDC to vigorously prosecute complaints against attorneys accused of misconduct"**

Joint No. _7_

Given      _____
Given as modified   _____
Refused      _____
Withdrawn_____

11

## **Section 1983 - Overview**

Plaintiff brings this suit under a federal statute, Section 1983 of Title 42 of the United States Code, which states:

"Every person who, under color of any statute, ordinance, regulation, custom or usage of any State or Territory or the District of Columbia, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

For convenience, I will refer to this law as Section 1983. Section 1983 was enacted by Congress in 1871 to give citizens a remedy for violations of their civil rights. Section 1983 creates a right of action to persons who have been deprived of rights, privileges and immunities secured to them by the United States Constitution and federal statutes.

Joint No. _8_
5 L. Sand, et al., *Modern Federal Jury Instructions*, ¶ 87-03.

Given     _____
Given as Modified     _____
Refused     _____
Withdrawn     _____

**Elements Of A Section 1983 Claim**

To establish a claim under section 1983, plaintiff must establish, by a preponderance of the evidence, each of the following three elements:

First, that the conduct complained of was committed by a person acting under color of state law;

Second, that this conduct deprived plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States; and

Third, defendants' acts were the proximate cause of the injuries and consequent damages sustained by the plaintiff.

I shall now examine each of the three elements in greater detail.

Joint No. _9_
Parratt v. Taylor, 451 U.S. 527 (1981), rev'd on other grounds, Daniels v. Williams, 474 U.S. 327 (1985).

| | |
|---|---|
| Given | _____ |
| Given as Modified | _____ |
| Refused | _____ |
| Withdrawn | _____ |

13

**Elements To Be Proven Under Retaliation Claim - See Variations As Below**

Plaintiff alleges that the Court's decision to terminate was retaliation for asserting wrongdoing at the DDC. As for this claim, there is no dispute that the defendants, at the time of plaintiff's termination, were state employees acting under color of state law. I therefore instruct you that the first element of this claim has been established, and you need not determine it. However, whether each individual defendant caused plaintiff's termination is an issue for you to determine.

**Note: Following the immediate past paragraph, agreed upon by the parties, the parties are in disagreement about the remainder of this charge.**

**Plaintiff's proposed version is a combination of her earlier submitted proposed charges as follows:**

### PLAINTIFF'S PRIOR SUBMITTED REQUEST NO. 5

#### Deprivation of Federal Right

The second element of Ms. Anderson's claim is that the defendants, in committing the acts complained of, intentionally or recklessly deprived her of a federal right. In order to establish this second element, she must show that the acts that defendants committed under color of state law caused the plaintiff to suffer the loss of a federal right; and that, in performing those acts, the defendants acted with an intent to deprive the plaintiff of her rights or with a reckless disregard of those rights.

Id., Instruction § 87-74 (Second Element - Deprivation of Right, General Instruction).

### PLAINTIFF'S PRIOR SUBMITTED REQUEST NO. 6

#### Public Employees and the First Amendment

The plaintiff asserts that defendants deprived her of her right to free speech under the First Amendment to the U.S. Constitution. The State of New York, an agency of the State, or a State

14

official is not free to fire or otherwise take adverse action against a public employee simply because the public employee exercises her First Amendment right to express opinions with which the state agency or state official may disagree. Ms. Anderson was a public employee, and she alleges that the defendants deprived her of her right to free speech under the First Amendment to the Constitution of the United States by firing her because they objected to the opinions she expressed.

Id., Instruction § 87-94 (Public Employees and the First Amendment).

## PLAINTIFF'S PRIOR SUBMITTED REQUEST NO. 7

### Elements of Plaintiff's First Amendment Claim

Ms. Anderson claims that the defendants violated her First Amendment rights to free speech by retaliating against her because she expressed views, or spoke out, that the DDC was whitewashing the public's complaints of attorney misconduct. To establish her claim, plaintiff must prove the following three elements: (1) the speech at issue was protected by the Free Speech Clause of the First Amendment; (2) she suffered an adverse employment action; and (3) her speech was a motivating factor in the defendants' decision to fire her.

Id., Instruction § 87-95 (Elements of the Plaintiff's Claim).

## PLAINTIFF'S PRIOR SUBMITTED REQUEST NO. 8

### First Element - The Plaintiff's Acts of Speech - Factual Finding

To establish the first element of her claim, Ms. Anderson must establish that her acts of speech were protected by the Free Speech Clause of the First Amendment.

Before the jury can establish the first element of her claim, you, the jury, must determine what, if anything, the plaintiff said to express herself. You have heard the evidence regarding the acts of speech in which the plaintiff claims to have engaged. You must now consider that evidence

15

as a whole, in light of your reason and experience, and decide what, if anything, she said to express herself.

If you find that Ms. Anderson made statements about a widespread or pervasive practice at the DDC of whitewashing, or going soft, on attorneys whom the agency was investigating for misconduct, then I instruct you that those statements are protected by the First Amendment.

Id., Instruction § 87-95 ("The Plaintiff's Acts of Speech *or* Expression - Factual Finding) (modified); Skehan v. Village of Mamaroneck, 465 F.3d 96, 106 (2d Cir. 2006), overruled on other grounds by Appel v. Spiridon, 531 F.3d 138 (2d Cir. 2008); Johnson v. Ganim, 342 F.3d 105, 112 (2d Cir. 2003) Johnson, 342 F.3d at 112 ("[D]iscussion regarding current government policies and activities is perhaps the paradigmatic matter of public concern") (quoting Harman v. City of New York, 140 F.3d 111, 118 (2d Cir. 1998)); Catletti v. Rampe, 334 F.3d 225, 230 (2d Cir. 2003); Beckwith v. Erie Cty. Water Auth., 413 F. Supp.2d 214, 222 (W.D.N.Y. 2006) (holding speech about "pervasive or systemic misconduct by a public agency or public officials," is protected).

## PLAINTIFF'S PRIOR SUBMITTED REQUEST NO. 9

### False Speech and Hyperbole Protected

Ms. Anderson's statements about DDC whitewashing are protected under the First Amendment even if they were untrue or exacerbated. The statements are protected so long as she did not make them knowing they were false or with a reckless disregard of their falsity.

Reuland v. Hynes, 460 F.3d 409, 414 (2d Cir. 2006).

## PLAINTIFF'S PRIOR SUBMITTED REQUEST NO. 10

### Second Element - Defendants' Adverse Action

As to the second element of plaintiff's claim, I am instructing you that her discharge was an

16

adverse action.

## PLAINTIFF'S PRIOR SUBMITTED REQUEST NO. 11

### Third Element- The Plaintiff's Acts of Speech Were a Motivating Factor in the Defendants' Decision to Discharge of Her

The third element of Ms. Anderson's claim is that her protected speech, expressing the view

that the DDC was whitewashing the public's complaints of attorney misconduct, was a motivating

factor in the defendants' decision to fire her.

The plaintiff's protected speech was a motivating factor in the defendants' decision to fire

her if it played a substantial or important part in the decision. However, it need not be the only

factor. The defendants may have taken action for many different reasons. But if one of those

reasons was plaintiff's speech, and if that reason played a substantial part in the defendants' decision

to fire her, then plaintiff has satisfied the third element of her claim.

Sand, et al, Modern Federal Jury Instructions, Instruction 87-98 ("Third Element-The Plaintiff's Acts of Speech Were a Motivating Factor in the Defendants' Discharge of Her").

## PLAINTIFF'S PRIOR SUBMITTED REQUEST NO. 14

### Affirmative Defense

Even if the plaintiff has proved that her speech was a motivating factor in the defendants'

decision to fire the plaintiff, the defendants can still escape liability if they can prove, by a

preponderance of the evidence, that they would have made the same decision even if plaintiffs'

speech had never occurred.

Id., Instruction 87-99 ("Affirmative Defense").

17

**Defendants' proposed version is as follows:**

### DEFENDANTS' PRIOR SUBMITTED REQUEST NO. 11

To prevail on this claim, plaintiff must establish, by a preponderance of the evidence, each of the remaining two elements. Specifically, plaintiff must show, by a preponderance of the evidence that; 1) she made complaints to defendants alleging wrongdoing at DDC on behalf of the public; 2) that defendants played an instrumental role in her firing; 3) that her alleged complaints concerning alleged wrongdoing at the DDC was a substantial and motivating factor in the taking of action by defendants to have her terminated.

Further, to satisfy the third element, plaintiff must show by a preponderance of the evidence that defendants' actions were the proximate cause of plaintiff's' injuries.

A proximate cause is one that in a natural course, a continuous sequence, unbroken by any intervening cause, produces the injury, and without which the injury would not have occurred. Stated another way, before a plaintiff may recover money damages for an injury under Section 1983, he or she must first show by a preponderance of the evidence that such injury would not have come about were it not for the defendant's conduct. In this regard, you will have to evaluate the testimony by defendants Cahill and Cohen in which they deny participating in the decision to terminate plaintiff.

In addition, if you find that plaintiff would have been justifiably terminated from DDC for her own conduct, even if defendants had a retaliatory motive, your verdict should be in favor of defendants.

If you find that any one of the elements of plaintiff's retaliation claim has not been proven by a preponderance of the evidence, you must return a verdict for defendants on this claim. If you

18

find that plaintiff has sustained her burden of proving all of the elements of a retaliation claim, you

must then consider whether the defendants have established the affirmative defense of qualified

immunity.

|  |  |  |
|---|---|---|
|  | Given | _____ |
| Martinez v. California, 444 U.S. 277 (1980); | Given as Modified | _____ |
| Duchesne v. Sugarman, 566 F.2d 817 (2d Cir. 1977); | Refused | _____ |
| Beverly v. Conner, 330 F. Supp. 18 (S.D. Ga. 1971); | Withdrawn | _____ |
| Cioffi v. Averill Park Cent. Sch. Dist., 444 F.3d 158 (2d Cir. 2006). | | |

## Proposed by Defendant – Business Judgment

Your role is to determine whether an unconstitutional employment action has occurred, not to act as a super personnel department that second guesses the defendants' business judgments.

**Note: Plaintiff objects to this charge as not supported under applicable law. Defendants have shortened their request, asserting that business judgment is a component of the legal frame of reference.**

| | |
|---|---|
| Defendants No._10_ | Given _____ |
| O'Malley, Grenig & Lee Federal Jury Practice | Given as Modified _____ |
| and Instructions (5th ed.) §168.20 (modified); | Refused _____ |
| Alfano v. Costello, 294 F.3d 365, 377 (2d Cir. 2002); | Withdrawn_____ |
| Patterson v. County of Oneida, 375 f.3d 206, 223-24 (2d Cir. 2004). | |

20

## **Qualified Immunity - Burden Of Proof**

Even if you find that defendants' conduct violated plaintiff's rights, they still may not be liable to plaintiff. There is an additional issue called qualified immunity which is a matter for the Court to decide. I am now going to tell you about factual questions which you will be asked to answer if and only if you find any defendant otherwise liable, which are called special interrogatories, to assist me in deciding the issue of qualified immunity.

**Note: The parties may propose appropriate interrogatories depending on the actual trial testimony, u nless the Court directs a different procedure with respect to factual interrogatories bearing on qualified immunity.**

**Zellner v. Summerlin, 494 F.3d 344 (2d Cir. 2007).**

Joint No._11_

Given                       _____
Given as modified   _____
Refused                   _____
Withdrawn_____

21

## State Of New York Not A Defendant

The defendants in this case, Sherry Cohen, Thomas C. Cahill and David Spokony, are

individuals: The State of New York is not on trial; neither are the New York State Office of Court

Administration and the Appellate Division, First Department, which employ defendants.

Joint No._12_

Given      _____
Given as modified  _____
Refused     _____
Withdrawn_____

22

## **Damages Generally**

Now let me speak a bit on the issue of damages. The fact that I am giving you this instruction should not be considered as an indication of any view of mine as to which party is entitled to a verdict. If you decide that plaintiff has failed to establish one of the elements of her retaliation claim, you should not address damages at all. However, if you find that plaintiff has established her retaliation claim, you must determine the amount of any damages to award plaintiff..

Joint No._13_

Given _____
Given as modified _____
Refused _____
Withdrawn_____

23

**Compensatory Damages**

I am about to instruct you on how to determine a damage award if you find an award to be appropriate.

If you determine that defendants' conduct violated plaintiff's constitutional rights and you determine that plaintiff has proven that she sustained financial injury on account of defendants' conduct, then you must award plaintiff such sum of money as you believe will fairly and justly compensate her for any injury you believe she actually sustained as a direct consequence of the conduct of defendants.

The purpose of the law of damages is to award, as far as possible, just and fair compensation for the loss, if any, which resulted from the defendants' violation of plaintiff's rights. You must award the plaintiff sufficient damages to compensate her for any injury proximately caused by that defendants' conduct.

These are known as "compensatory damages." Compensatory damages seek to make the plaintiff whole - that is, to compensate her for the damage suffered.

The damages that you award must be fair and reasonable, neither inadequate nor excessive. You should not award compensatory damages for speculative injuries, but only for those injuries that plaintiff has actually suffered.

In awarding compensatory damages, if you decide to award them, you must be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require plaintiff to prove the amount of her losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

24

Compensatory damages here, if you find any, are in two categories. First are economic damages for lost back pay and back benefits. If you find more than one defendant liable, economic damages are the same and overlapping as to each defendant who may be found liable. Second are emotional damages. If you find more than one defendant liable, emotional damages are the same and overlapping as to each defendant who may be found liable.

In all instances, you are to use sound discretion in fixing an award of damages, drawing reasonable inferences where you deem appropriate from the facts and circumstances in evidence.

Actual damages must be based on the evidence presented at trial, and only on that evidence.

**Note: Defendants recognize that plaintiff may under appropriate circumstances receive compensation as to front pay, but have moved in limine that the issue of front pay is for the Court and not the jury. Plaintiff reserves her response on this argument by plaintiff, and may propose a charge for the jury on front pay.**

Joint No._14_                                                                              Given          _____
4 L. Sand, et al., *Modern Federal Jury Instructions*, ¶¶ 77-3, 87-87.Given as modified  _____
                                                                                          Refused        _____
                                                                                          Withdrawn_____

25

**Punitive Damages - If Determined by the Court to be Applicable**

Whether or not you award the plaintiff actual damages, you may also, in your discretion, make an award of punitive damages. Punitive damages are awarded, in the discretion of the jury, to punish defendants for extreme or outrageous conduct, and to deter or prevent defendants from committing such conduct in the future.

You may award the plaintiff punitive damages if you find that the acts or omissions of the defendants were done maliciously or wantonly. An act or failure to act is maliciously done if it is prompted by ill will or spite towards the injured person. An act or failure to act is wanton if done in a reckless or callous disregard, or indifference to, the rights of the injured person. The plaintiff has the burden of proving, by a preponderance of the evidence, that the defendants acted maliciously or wantonly with regard to the plaintiff's rights.

If you find by a preponderance of the evidence that the defendants acted with malicious intent to violate the plaintiff's constitutional rights or unlawfully injure her or if you find that defendants acted with a callous or reckless disregard of Ms. Anderson's rights, then you may award punitive damages. An award of punitive damages is discretionary; that is, if you find that the requirements for punitive damages are satisfied, then you may decide to award punitive damages, or you may decide not to award them.

In making this decision, you should consider the underlying purpose of punitive damages. Punitive damages are awarded in the jury's discretion to punish defendants for outrageous conduct or to deter them and others like them from performing similar conduct in the future. Thus, in deciding whether to award punitive damages, you should consider whether defendants may be adequately punished by an award of actual damages only, or whether the conduct is so extreme and

26

outrageous that actual damages are inadequate to punish the wrongful conduct. You should also consider whether actual damages standing alone are likely to deter or prevent these defendants from again performing any wrongful acts they may have performed, or whether punitive damages are necessary to provide deterrence. Finally, you should consider whether punitive damages are likely to deter and prevent other persons from performing wrongful acts similar to those the defendants may have committed.

If you decide to award punitive damages, these same purposes should be considered by you in determining the appropriate sum of money to be awarded as punitive damages. That is, in fixing the sum to be awarded, you should consider the degree to which defendants should be punished for their wrongful conduct, and the degree to which an award of one sum or another will deter defendants or persons like them from committing wrongful acts in the future.

The extent to which a particular sum of money will adequately punish defendants, and the extent to which a particular sum of money will adequately deter or prevent future misconduct, may depend upon the financial resources of the defendants against which damages are awarded. Therefore, if you find that punitive damages should be awarded against defendants, you may consider the financial resources of the defendants in fixing the amount.

**Note: Defendants expect to eliminate punitive damages at the conclusion of evidence and have moved to bifurcate punitive damages and ask that in any event the last two paragraphs of this charge not be given until a punitive damages potion of the trial.**

Joint No._15_                                                      Given          _____
4 L. Sand, et al., *Modern Federal Jury Instructions*, ¶¶ 87-92.   Given as modified  _____
                                                                   Refused        _____
                                                                   Withdrawn_____

27

## Mitigation of Damages

The plaintiff had a duty to mitigate her damages, meaning that she was responsible for avoiding or minimizing the damages that she incurred as a result of the defendants' actions. This means that plaintiff was required to exercise reasonable diligence and care to locate substantially equivalent employment following her discharge. If you find that the defendants are liable and that plaintiff has incurred damages, then you may not award her back pay or other benefits for any period of time during which you find that she failed to exercise reasonable diligence and care in seeking suitable employment after her discharge.

Defendants have the burden of proving that the plaintiff failed to exercise reasonable care or diligence in seeking other suitable employment. You are the sole judge of whether defendants have met their burden. In deciding whether to reduce a plaintiff's damages, you must weigh all the evidence in light of the particular circumstances of the entire case, and must use sound discretion to determine whether the defendants have met their burden of proof. In weighing the evidence, keep in mind that the plaintiffs were under no obligation to enter another line of work, or to take a demotion or a demeaning job.

You must deduct from a plaintiff's damages any money that she earned from employment or unemployment insurance as well as any money she could have earned, had she taken reasonable steps to obtain employment.

**Note: Defendants would have this charge state "or self employment" after each time the word "employment"is used, i.e. "employment or self employment".**

Joint No. _16_

Ford Motor Co. v. EEOC, 458 U.S. 219, 231-32 (1982).

Given     _____
Given as modified     _____
Refused     _____
Withdrawn_____

28

**Deliberations (Unanimous Verdict)**

The fact that I have given you instructions concerning the issue of the plaintiff's damages should not be interpreted in any way as an indication that I believe that the plaintiff should, or should not, prevail in this case.

Your verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree to it. In other words, your verdict must be unanimous.

It is your duty to consult with one another and to deliberate in an effort to reach agreement if you can do so without violence to individual judgment. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to re-examine you own views and change your opinion if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of the evidence solely because the opinion of your fellow jurors or for the mere purpose of returning a verdict.

Remember, at all times, you are not partisans. You are judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

If during your deliberations you should desire to communicate with the court, please reduce your message or question to a writing signed by your foreperson, and pass the note to the clerk who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. In the course of your writing to the court, you should not disclose how you may stand or what your vote on any issue may be. In other words, sometimes the jurors send in a note which indicates how they are divided in their votes. That is a matter for you and you alone, and so I ask that you not disclose that information in any note

29

to the Court. Any time during your deliberations you may request to see any of the exhibits or have

any part of the testimony read to you.

Joint No. _17_

Given     _____
Given as modified   _____
Refused     _____
Withdrawn_____

30

## **Verdict Form Instructions**

After you have reached a verdict, your foreperson will fill in the form that has been given to you, sign and date it, and advise the marshal outside your door that you are ready to return to the courtroom.

I will stress that each of you should be in agreement with the verdict which that is announced in court. Once your verdict is announced by your foreperson in open court and officially recorded, it cannot ordinarily be revoked.

Joint No. _18_                                                                                        Given          _____
4 L. Sand, et al., *Modern Federal Jury Instructions*, ¶ 78-6          Given as modified  _____
                                                                                                          Refused        _____
                                                                                                          Withdrawn_____

31

Additional Instructions Proposed by Plaintiff

**Note:  Plaintiff requests that her separate earlier submitted proposed instructions submitted previously in the following areas be given to the jury, with defendants' objections also provided below.**

**Plaintiff's Proposed Instruction No. 9  False Speech and Hyperbole Protected**
**Defendants object to this instruction as not fitting into the facts and adding confusion.**

**Plaintiff's Proposed Instruction No. 11 – Plaintiff's Speech as Motivating Factor**
**Defendants object on the basis of duplication of instruction on Section 1983 claim.**

**Plaintiff's Proposed Instruction No. 13 – Pretext**
**Defendants object to this instruction as not fitting into the facts and adding confusion.**

**Plaintiff's Proposed Instruction No. 19 – Supervisory Official**
**Defendants object to this instruction as not fitting into the facts and adding confusion, and the claim was not pleaded.**

**Plaintiff's Proposed Instruction No. 20 – Supervisor's Deliberate Indifference**
**Defendants object to this instruction as not fitting into the facts and adding confusion, and the claim was not pleaded.**

**Plaintiff's Proposed Instruction No. 22 – Back Pay**
**Defendants object on the basis of duplication with the jointly submitted  instruction herein on damages.**

**Plaintiff's Proposed Instruction No. 23 – Front Pay**

**Defendants object because, as previously expressed, this a subject of defendants'
motion in limine for a ruling that this issue should not be submitted to the jury, but is
for the Court.**

**Plaintiff's Proposed Instruction No. 26 – Pain and Suffering**

**Defendants object on the basis of duplication with the jointly submitted instruction
herein on damages.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CHRISTINE C. ANDERSON,

                              Plaintiff,

                                                          07 Cv. 9599 (SAS)

            -against-

                                                          VERDICT FORM A-1

THE STATE OF NEW YORK, et al.,

                              Defendants.
------------------------------------------------------------X

    We, the jury, find for plaintiff and against defendant David Spokony on the claim of First
Amendment retaliation. ☐

    See Verdict Form B-1 if your finding is in favor of David Spokony.

    **Answer the following questions only if the above finding is in favor of plaintiff:**

    We assess economic damages for back pay and loss of back benefits in the sum of
$_____.

    [Note: Economic damages should be the same and overlapping as to any of the defendant(s)
as may be found liable]

    We assess emotional damages in the sum of $_____.

    [Note: Emotional damages should be the same and overlapping as to any of the defendant(s)
as may be found liable]

    Should punitive damages be awarded to plaintiff against David Spokony?

    _____ Yes            _____ No

    [SPACE TO BE PROVIDED FOR PROPOSED INTERROGATORIES OUTLINED IN DEFENDANTS NO. 13]

34

_____

Foreperson

_____

_____

_____

_____

_____

_____

_____

Joint No._19_

Given
Given as modified
Refused
Withdrawn_____

35

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CHRISTINE C. ANDERSON,

                              Plaintiff,

                                                    07 Cv. 9599 (SAS)

        -against-

                                                    VERDICT FORM A-2

THE STATE OF NEW YORK, et al.,

                              Defendants.
------------------------------------------------------------X

        We, the jury, find for plaintiff and against defendant Sherry Cohen on the claim of First
Amendment retaliation. □

        See Verdict Form B-2 if your finding is in favor of Sherry Cohen.

        **Answer the following questions only if the above finding is in favor of plaintiff:**

        We assess economic damages for back pay and loss of back benefits in the sum of
$_____.

        [Note: Economic damages should be the same and overlapping as to any of the defendant(s)
as may be found liable]

        We assess emotional damages in the sum of $_____.

        [Note: Emotional damages should be the same and overlapping as to any of the defendant(s)
as may be found liable]

        Should punitive damages be awarded to plaintiff against Sherry Cohen?

        _____ Yes              _____ No

        [SPACE TO BE PROVIDED FOR PROPOSED INTERROGATORIES OUTLINED IN DEFENDANTS NO. 13]

36

Foreperson

_____

_____

_____

_____

_____

_____

_____

Joint No._20_

Given            _____
Given as modified  _____
Refused            _____
Withdrawn_____

37

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
CHRISTINE C. ANDERSON,

                              Plaintiff,

                                             07 Cv. 9599 (SAS)

-against-

                                             VERDICT FORM A-3

THE STATE OF NEW YORK, et al.,

                              Defendants.
-------------------------------------------------------X

We, the jury, find for plaintiff and against defendant Thomas C. Cahill on the claim of First
Amendment retaliation. ☐

See Verdict Form B-3 if your finding is in favor of Thomas C. Cahill.

**Answer the following questions only if the above finding is in favor of plaintiff:**

We assess economic damages for back pay and loss of back benefits in the sum of
$_____.

[Note: Economic damages should be the same and overlapping as to any of the defendant(s)
as may be found liable]

We assess emotional damages in the sum of $_____.

[Note: Emotional damages should be the same and overlapping as to any of the defendant(s)
as may be found liable]

Should punitive damages be awarded to plaintiff against Thomas C. Cahill?

_____ Yes              _____ No

[SPACE TO BE PROVIDED FOR PROPOSED INTERROGATORIES OUTLINED IN DEFENDANTS NO. 13]

38

_____

Foreperson

_____

_____

_____

_____

_____

_____

_____

Joint No._21_

Given          _____
Given as modified  _____
Refused        _____
Withdrawn_____

39

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
CHRISTINE C. ANDERSON,

                              Plaintiff,

                                                        07 Cv. 9599 (SAS)

-against-

                                                        VERDICT FORM B-1

THE STATE OF NEW YORK, et al.,

                              Defendants.
-----------------------------------------------------------X

We, the jury, find for defendant David Spokony and against plaintiff.

_____
Foreperson

_____

_____

_____

_____

_____

_____

_____

Joint No._22_                                 Given          _____
                                              Given as modified  _____
                                              Refused        _____
                                              Withdrawn_____

40

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
CHRISTINE C. ANDERSON,

                              Plaintiff,

                                                    07 Cv. 9599 (SAS)

          -against-

                                                    VERDICT FORM B-2

THE STATE OF NEW YORK, et al.,

                              Defendants.
-----------------------------------------------------------X

We, the jury, find for defendant Thomas Cahill and against plaintiff.

_____
Foreperson

_____

_____

_____

_____

_____

_____

_____

Joint No._23_                                  Given          _____
                                               Given as modified _____
                                               Refused        _____
                                               Withdrawn_____

41

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
CHRISTINE C. ANDERSON,

                                    Plaintiff,

                                                        07 Cv. 9599 (SAS)

            -against-

                                                        VERDICT FORM B-3

THE STATE OF NEW YORK, et al.,

                                    Defendants.
-------------------------------------------------------------X

        We, the jury, find for defendant Sherry Cohen and against plaintiff.


                                            _____
                                            Foreperson


                                            _____

                                            _____

                                            _____

                                            _____

                                            _____

                                            _____

                                            _____


Joint No._24_                               Given           _____
                                            Given as modified _____
                                            Refused          _____
                                            Withdrawn_____

42

Accordingly, the parties, through counsel submit the forgoing Joint Submission on Jury Instructions.

Dated: New York, New York
July 16, 2009

> BERANBAUM MENKEN
> BEN-ASHER & BIERMAN LLP
> Attorney for Plaintiffs

By: _____/s/_____

> John A. Beranbaum
> 80 Pine Street, 32nd Floor
> New York, New York 10005
> (212) 509-1616

> ANDREW M. CUOMO
> Attorney General for the State of New York
> Attorney for Defendants

By: _____/s/_____

> LEE ALAN ADLERSTEIN
> Assistant Attorney General
> 120 Broadway - 24th Floor
> New York, New York 10271
> Tel. (212) 416-6035
> Fac. (212) 416-6075

43